Clement, Oh. J.
This action was brought to recover the possession of a horse and a set of harness, and was commenced by the process of claim and delivery, and on June 23, 1886, the property under such process was taken by the sheriff of Kings county into his possession. The sheriff left the property with the defendant, who gave his receipt therefor. On the subsequent day the defendant served on the plaintiff a notice of hen for charges for the board of the horse pursuant to chapter 498, Laws 1872, as amended by chapter 145, Laws 1880.
On June 9, 1886, the plaintiff received a notice of lien from the defendant, which is conceded not to have been a compliance with the statute.
The plaintiff shortly, after the service of the first notice, saw the defendant, but the parties were unable to agree upon a settlement.
After the commencement of the action, the defendant having ascertained from his attorney that the notice already served was unavailing, served the new notice, which was in conformity to the statute.
*688 We are of opinion that under the second notice the plaintiff acquired no lien. The horse was not at that time, in law, in his possession.
While as a matter of fact the horse had not left the stable, yet by giving the receipt to the sheriff, his possession as bailee of the plaintiff had ended. The horse had been taken from the defendant by process of law, and was in custodia legis, and the defendant could acquire no lien for keep except as against the sheriff; if he failed to pay the charges from .and after June 23, when the defendant received the horse from the sheriff.
The defendant as receiptor to the sheriff had no interest in the property, but was a mere servant of the sheriff. Dillenback v. Jerome, 7 Cowen, 294.
After property was taken by virtue of a writ of replevin, it could not be distrained for rent. Milliken v. Seley, 6 Hill, 623.
In a recent case in the court of appeals. First National Bank of Oswego v. Dunn (97 N. Y., 149), it was held that a judgment creditor could not interfere with property which was in the custody of the law, because he could only claim through the title of the debtor, and the property had been taken from the debtor’s possession.
Other authorities could be cited, but the point seems clear that the defendant when the process of claim, and delivery was executed, had no lien for keep and could not thereafter obtain a lien by serving a notice. -
The case of Eckhard v. Donohue (9 Daly, 214), has no application to the facts of this case, as the defendant had two weeks after a demand to serve his notice of lien.
The defendant made a mistake in his notice, and must suffer the consequences.
The question of ownership was submitted to the jury properly, and the charge on that point was a correct statement, of the law.
It becomes unnecessary to consider the other points in the case.
Judgment and order denying new trial affirmed, with •costs. Osborne, J., concurs._